NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>TAIRAN SHI,<br><br>Defendant - Appellant. | No. 24-1969<br><br>D.C. No.<br>2:20-cr-00621-AB-3<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>BLADE BAI, AKA Tian Bai, AKA Dabai,<br>AKA Balde Bai, AKA Bai Tim,<br><br>Defendant - Appellant. | No. 24-2054<br><br>D.C. No.<br>2:20-cr-00621-AB-1 |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>BOWEN HU, AKA Hukeer, | No. 24-2136<br><br>D.C. No.<br>2:20-cr-00621-AB-2 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Argued and Submitted February 11, 2026
Submission Vacated April 13, 2026
Resubmitted July 2, 2026
Pasadena, California

Before: TALLMAN, VANDYKE, and TUNG, Circuit Judges.

Blade Bai, Bowen Hu, and Tairan Shi (Defendants) appeal their jury convictions stemming from the laundering of Target gift cards purchased by telephone-scam victims. The jury convicted Defendants of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 1). The jury also convicted Bai of conspiracy to commit money laundering while under release in violation of 18 U.S.C. §§ 1956(h) and 3147 (Count 2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the convictions.[1]

1.     The Government adduced sufficient evidence that Defendants knew the purpose of their transactions was to conceal the specified unlawful activity (mail and wire fraud), as required by 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h) to support their convictions for concealment of money laundering under Count 1. *See United*

---

[1] We resolve Defendants' challenges to their sentences in a concurrently filed opinion.

*States v. Wilkes*, 662 F.3d 524, 544–45 (9th Cir. 2011). The evidence at trial showed that Defendants and their runners were urged to quickly use the gift card information before Target could freeze the cards. They were also aware of police officers investigating specific transactions where fraudulent card numbers stolen from victims were being used.

Nor did Defendants engage in stand-alone transactions: after using the fraudulently obtained gift cards, they resold the merchandise through Bai's retail store and transmitted a portion of those proceeds back to Magic Lamp. These layered transactions hid the source of the money and support the inference that Defendants knew the purpose of the scheme was to conceal the source of the stolen funds. *See United States v. Singh*, 995 F.3d 1069, 1076–77 (9th Cir. 2021); *Wilkes*, 662 F.3d at 547.

2. Because sufficient evidence supports the Count 1 convictions, Bai's challenge to his Count 2 money laundering conviction—which is dependent on a successful challenge to his Count 1 conviction—also fails.

3. The district court did not abuse its discretion by denying Hu's and Shi's motions for severance and jointly trying Defendants. "Joint trials are the rule rather than the exception." *United States v. Brashier*, 548 F.2d 1315, 1324 (9th Cir. 1976). "The mere fact that there may be more incriminating evidence against one codefendant than another does not provide a sufficient justification for separate

trials." *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986). Hu and Shi have not shown that the limiting instructions pertaining to evidence admissible only against Bai or to the Count 2 evidence were inadequate, nor have they shown that Bai's testimony was so "manifestly prejudicial" as to warrant a separate trial. *See United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008) (citation omitted). Nor was the Government's closing argument manifestly prejudicial, particularly considering that the prosecutor specified when she was discussing the evidence showing each individual Defendant's knowledge. *See United States v. Ruiz*, 710 F.3d 1077, 1083 (9th Cir. 2013) (explaining that prosecutors "have reasonable latitude to fashion closing arguments" (citation omitted)).

4. Defendants' evidentiary objections under Federal Rule of Evidence 701 also fail. First, as to Agent Cutaia's testimony regarding Exhibit 210, even assuming its admission was error, it likely did not "affect[] the outcome of the district court proceedings" or "seriously affect the fairness" of the trial. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citation modified). Second, neither Agent Pesek nor Agent Silberstein provided improper expert testimony regarding the Cellebrite reports. Nothing they testified to required any special knowledge or a technical understanding of the software's programming or internal mechanics. *See United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1267 (9th Cir. 2024). Third, we do not read Agent Pesek's challenged testimony as a comment on Bai's mental state related

to Count 2; in any event, it would not have affected the outcome of the proceedings.

5.      The district court did not abuse its discretion or plainly err by giving a deliberate ignorance instruction. "[V]iewed as a whole," the deliberate ignorance instruction applied only to element two of the conspiracy offense (knowledge of the agreement's objective). *See United States v. Arvin*, 900 F.2d 1385, 1390 (9th Cir. 1990). Further, a factual predicate for the instruction existed in the abundant evidence from which the jury could infer that Defendants consciously avoided knowing the conspiracy's fraudulent purpose.

6.      The prosecutor's statement regarding the scope of Bai's testimony does not give rise to reversible error because the comment was not "extensive" and was not "manifestly intended to call attention" to Bai's failure to testify as to Count 2. *United States v. Hoac*, 990 F.2d 1099, 1104 (9th Cir. 1993) (citation modified).

7.      Defendants' argument for cumulative error also fails. *See United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012).

8.      The district court did not abuse its discretion by granting Bai's original counsel's application to withdraw from representation more than a year before trial. California Rules of Professional Conduct 1.16(b)(1) and (4), for instance, provide an adequate basis for withdrawal where, as here, there is a "complete breakdown" in communication and an "irreconcilable conflict over how to handle the case." Regardless, even if the court had abused its discretion in granting the motion, the

Sixth Amendment does not entitle Bai to be represented by an attorney who is not willing to represent him. *See Miller v. Blacketter*, 525 F.3d 890, 895 (9th Cir. 2008).

**AFFIRMED.**